# EXHIBIT 1

## GUARANTY AGREEMENT

**THIS GUARANTY** dated June 13, 2022 (together with any amendments or modifications hereto in effect from time to time, the **"Guaranty"**), made by **PATRICIA A. SHIVELY,** having an address at 5001 Celebration Pointe Avenue, Suite 180, Gainesville, Florida 32608 (**"Guarantor"**), in favor of **JON R. GUVEN,** having an office at 1790 Mall of GA Boulevard, Buford, GA, 30519 (**"Secured Party"**).

Contemporaneously with the execution of this Guaranty Agreement, Celebration Pointe Holdings, LLC (the **"Company"**) has entered into that certain Agreement dated of even date herewith (the **"Agreement"**) by and among CP City Place Holdings, LLC, a Florida limited liability company (**"CP City Place"**) , J & R Gator Investments, LLC, a Georgia limited liability company, the Company and Secured Party.

Pursuant to the terms of the Agreement, the Company and CP City Place are jointly and severally responsible to pay to Secured Party at the option of the Company, the sum of: a) if paid by October 13, 2022, $3,000,000.00; or otherwise b) $6,500,000.00 due not later than October 13, 2025 (the **"Payment Obligation"**).

Guarantor is an indirect owner of the Company and CP City Place and will benefit from the transactions contemplated by the Agreement, including, without limitation, the Company's Payment Obligation.

To assure and secure the payment and performance of the Guarantor's, the Guarantor is executing and delivering this Guaranty. As used in this Guaranty, the term "Transaction Documents" means and includes the Agreement and such other documents and instruments executed and delivered in connection with contemplated transaction. Guarantor agrees as follows:

1. **LIABILITIES GUARANTEED.**

Guarantor, jointly and severally, hereby guarantees and becomes surety to Secured Party for the full, prompt and unconditional payment of the Payment Obligation, when and as the same shall become due, whether at the stated maturity date, by acceleration or otherwise, and the full, prompt and unconditional performance of each term and condition to be performed by Company under the Transaction Documents of even date herewith. This Guaranty is a primary obligation of Guarantor and shall be a continuing inexhaustible Guaranty. This is a guaranty of payment and not of collection. Secured Party may require Guarantor to pay and perform its liabilities and obligations under this Guaranty and may proceed immediately against Guarantor without being required to bring any proceeding or take any action against Company, any other guarantor or any other person, entity or property prior thereto, the liability of Guarantor hereunder being joint and several, and independent of and separate from the liability of Company, any other guarantor or person, and the availability of other collateral security.

2. **REPRESENTATION AND WARRANTIES**.     Guarantor represents and warrants to Secured Party as follows:

3979007-4 12831.0006000

a. **Organization, Powers**. Guarantor (i) has the power and authority to own its properties and assets and to carry on its business as now being conducted and as now contemplated; and (ii) has the power and authority to execute, deliver and perform, and by all necessary action has authorized the execution, delivery and performance of, all of its obligations under this Guaranty and any other Transaction Document to which it is a party.

b. **Execution of Guaranty**. This Guaranty and each other Transaction Document to which Guarantor is a party have been duly executed and delivered by Guarantor. Execution, delivery and performance of this Guaranty and each other Transaction Document to which Guarantor is a party will not: (i) violate any provision of law, order of any court, agency or instrumentality of government, or any provision of any indenture, agreement or other instrument to which it is a party or by which it or any of its properties is bound; (ii) result in the creation or imposition of any lien, charge or encumbrance of any nature, other than the liens created by the Transaction Documents; and (iii) require any authorization, consent, approval, license, exemption of, or filing or registration with, any court or governmental authority.

c. **Obligations of Guarantor**. This Guaranty and each other Transaction Document to which Guarantor is a party are the legal, valid and binding obligations of Guarantor, enforceable against it in accordance with their terms, except as the same may be limited by bankruptcy, insolvency, reorganization or other laws or equitable principles relating to or affecting the enforcement of creditors' rights generally. The capital contribution made by Secured Party to Company and the assumption by Guarantor of its obligations hereunder and under any other Transaction Document to which Guarantor is a party will result in material benefits to Guarantor. This Guaranty was entered into by Guarantor for commercial purposes.

d. **Litigation**. There is no action, suit, or proceeding at law or in equity or by or before any governmental authority, agency or other instrumentality now pending or, to the knowledge of Guarantor, threatened against or affecting Guarantor or any of its properties or rights which, if adversely determined, would materially impair or affect: (i) the value of any collateral securing the Payment Obligation; (ii) Guarantor's right to carry on its business substantially as now conducted (and as now contemplated); (iii) its financial condition; or (iv) its capacity to consummate and perform its obligations under this Guaranty or any other Transaction Document to which Guarantor is a party.

e. **No Defaults**. Guarantor is not in default in the performance, observance or fulfillment of any of the obligations, covenants or conditions contained herein or in any material agreement or instrument to which it is a party or by which it or any of its properties is bound.

f. **No Untrue Statements**. No Transaction Document or other document, certificate or statement furnished to Secured Party by or on behalf of Guarantor contains any untrue statement of a material fact or omits to state a material fact necessary in order to make the statements contained herein and therein not misleading. Guarantor acknowledges that all such statements, representations and warranties shall be deemed to have been relied upon by Secured Party as an inducement to make the Transaction to Company.

3979007-4 12831.0006000

3. **NO LIMITATION OF LIABILITY.**

    a.    Without incurring responsibility to Guarantor, and without impairing or releasing the obligations of Guarantor to Secured Party, and without reducing the amount due under the terms of this Guaranty, Secured Party may at any time and from time to time, without the consent of or notice to Guarantor, upon any terms or conditions, and in whole or in part:

    i.    Change the manner, place or terms of payment of (including, without limitation, the interest rate and monthly payment amount), and/or change or extend the time for payment of, or renew or modify, the Payment Obligation, any security therefor, or any of the Transaction Documents evidencing same, and the Guaranty herein made shall apply to the Payment Obligation and the Transaction Documents as so changed, extended, renewed or modified;

    ii.    Sell, exchange, release, surrender, realize upon or otherwise deal with in any manner and in any order, any property securing the Payment Obligation;

    iii.    Exercise or refrain from exercising any rights against Company or other obligated parties (including Guarantor) or against any security for the Payment Obligation;

    iv.    Settle or compromise the Payment Obligation, whether in a proceeding or not, and whether voluntarily or involuntarily, dispose of any security therefor (with or without consideration), and subordinate the payment of the Payment Obligation, whether or not due, to the payment of liabilities owing to creditors of Company other than Secured Party and Guarantor;

    v.    Apply any sums it receives, by whomever paid or however realized, to the Payment Obligation;

    vi.    Add, release, settle, modify or discharge the obligation of any maker, endorser, guarantor, surety, obligor or any other party who is in any way obligated for the Payment Obligation;

    vii.    Accept any additional security for the Payment Obligation; and/or

    viii.    Take any other action which might constitute a defense available to, or a discharge of, Company or any other obligated party (including Guarantor) in respect of the Payment Obligation.

    b.    The invalidity, irregularity or unenforceability of all or any part of the Payment Obligation or any Transaction Document, or the impairment or loss of any security therefor, whether caused by any action or inaction of Secured Party, or otherwise, shall not affect, impair or be a defense to Guarantor's obligations under this Guaranty.

3979007-4 12831.0006000

4. **EVENTS OF DEFAULT.**

Each of the following shall constitute a default (each, an **"Event of Default"**) hereunder:

    a.    A breach by Guarantor of any other term, covenant, condition, obligation or agreement under the Transaction Documents, not cured as provided in the Transaction Documents after proper notice;

    b.    Any representation or warranty made by Guarantor in this Guaranty shall prove to be false, incorrect or misleading in any material respect as of the date when made;

    c.    A breach or default under any Guaranty Agreement, instruments or other documents to which Guarantor is a party.

5. **REMEDIES.**

    a.    Upon an Event of Default, all liabilities of Guarantor hereunder shall become immediately due and payable without demand or notice and, in addition to any other remedies provided by law, Secured Party may:

        i.    Enforce the obligations of Guarantor under this Guaranty.

        ii.    To the extent not prohibited by and in addition to any other remedy provided by law, setoff against the Payment Obligation any sum owed by Secured Party in any capacity to Guarantor whether due or not.

        iii.    Perform any covenant or agreement of Guarantor in default hereunder (but without obligation to do so) and in that regard pay such money as may be required or as Secured Party may reasonably deem expedient. Any costs, expenses or fees, including reasonable attorneys' fees and costs, incurred by Secured Party in connection with the foregoing shall be included in the Payment Obligation guaranteed hereby, and shall be due and payable on demand, together with interest at the Default Rate (as defined and described in the Transaction Documents), such interest to be calculated from the date of such advance to the date of repayment thereof. Any such action by Secured Party shall not be deemed to be a waiver or release of Guarantor hereunder and shall be without prejudice to any other right or remedy of Secured Party.

6. **MISCELLANEOUS.**

    a.    **Disclosure of Financial Information**. Secured Party is hereby authorized to disclose any financial or other information about Guarantor to any regulatory body or agency having jurisdiction over Secured Party or to any present, future or prospective participant or successor in interest in any Transaction or other financial accommodation made by Secured Party to Company or Guarantor. The information provided may include, without limitation, amounts, terms, balances, payment history, return item history and any financial or other information about Guarantor.

3979007-4 12831.0006000

       b.    **Remedies Cumulative**. The rights and remedies of Secured Party, as provided herein and in any other Transaction Document, shall be cumulative and concurrent, may be pursued separately, successively or together, may be exercised as often as occasion therefor shall arise, and shall be in addition to any other rights or remedies conferred upon Secured Party at law or in equity. The failure, at any one or more times, of Secured Party to exercise any such right or remedy shall in no event be construed as a waiver or release thereof. Secured Party shall have the right to take any action it deems appropriate without the necessity of resorting to any collateral securing this Guaranty.

       c.    **Integration**. This Guaranty and the other Transaction Documents constitute the sole agreement of the parties with respect to the transaction contemplated hereby and supersede all oral negotiations and prior writings with respect thereto.

       d.    **Attorneys' Fees and Expenses**. If Secured Party retains the services of counsel by reason of a claim of a default or an Event of Default hereunder or under any of the other Transaction Documents, or on account of any matter involving this Guaranty, or for examination of matters subject to Secured Party's approval under the Transaction Documents, all costs of suit and all reasonable attorneys' fees and such other reasonable expenses so incurred by Secured Party shall forthwith, on demand, become due and payable and shall be secured hereby.

       e.    **No Implied Waiver**. Secured Party shall not be deemed to have modified or waived any of its rights or remedies hereunder unless such modification or waiver is in writing and signed by Secured Party, and then only to the extent specifically set forth therein. A waiver in one event shall not be construed as continuing or as a waiver of or bar to such right or remedy on a subsequent event.

       f.    **Waiver**. Guarantor waives notice of acceptance of this Guaranty and notice of the Payment Obligation and waives notice of default, non-payment, partial payment, presentment, demand, protest, notice of protest or dishonor, and all other notices to which Guarantor might otherwise be entitled or which might be required by law to be given by Secured Party. Guarantor waives the right to marshalling of Company's assets or any stay of execution and the benefit of all exemption laws, to the extent permitted by law, and any other protection granted by law to guarantors, now or hereafter in effect with respect to any action or proceeding brought by Secured Party against it. Guarantor irrevocably waives all claims of waiver, release, surrender, alteration or compromise and the right to assert against Secured Party any defenses, set-offs, counterclaims, or claims that Guarantor may have at any time against Company or any other party liable to Secured Party.

       g.    **No Third Party Beneficiary**. Except as otherwise provided herein, Guarantor and Secured Party do not intend the benefits of this Guaranty to inure to any third party and no third party (including Company) shall have any status, right or entitlement under this Guaranty.

       h.    **Partial Invalidity**. The invalidity or unenforceability of any one or more provisions of this Guaranty shall not render any other provision invalid or unenforceable. In lieu of any invalid or unenforceable provision, there shall be added automatically a valid and

enforceable provision as similar in terms to such invalid or unenforceable provision as may be possible.

   i. **Binding Effect**.  The covenants, conditions, waivers, releases and agreements contained in this Guaranty shall bind, and the benefits thereof shall inure to, the parties hereto and their respective heirs, executors, administrators, successors and assigns; provided, however, that this Guaranty cannot be assigned by Guarantor without the prior written consent of Secured Party, and any such assignment or attempted assignment by Guarantor shall be void and of no effect with respect to the Secured Party.

   j. **Modifications**.  This Guaranty may not be supplemented, extended, modified or terminated except by an agreement in writing signed by the party against whom enforcement of any waiver, change, modification or discharge is sought.

   k. **Jurisdiction**.  Guarantor hereby consents that any action or proceeding against it be commenced and maintained in any court within the State of Florida; and Guarantor agrees that the courts of such State shall have jurisdiction with respect to the subject matter hereof and the person of Guarantor and all collateral securing the obligations of Guarantor. Guarantor agrees not to assert any defense to any action or proceeding initiated by Secured Party based upon improper venue or inconvenient forum.

   l. **Notices**.  All notices and communications under this Guaranty shall be in writing and shall be given by either (a) hand-delivery, (b) first class mail (postage prepaid), or (c) reliable overnight commercial courier (charges prepaid), to the addresses listed in this Guaranty. Notice shall be deemed to have been given and received: (i) if by hand delivery, upon delivery; (ii) if by mail, three (3) calendar days after the date first deposited in the United States mail; and (iii) if by overnight courier, on the date scheduled for delivery.  A party may change its address by giving written notice to the other party as specified herein.

   m. **Governing Law**.  This Guaranty shall be governed by and construed in accordance with the substantive laws of the State of Florida without reference to conflict of laws principles.

   n. **Continuing Enforcement**.  If, after receipt of any payment of all or any part of the Payment Obligation, Secured Party is compelled or agrees, for settlement purposes, to surrender such payment to any person or entity for any reason (including, without limitation, a determination that such payment is void or voidable as a preference or fraudulent conveyance, an impermissible setoff, or a diversion of trust funds), then this Guaranty shall continue in full force and effect or be reinstated, as the case may be, and Guarantor shall be liable for, and shall indemnify, defend and hold harmless Secured Party with respect to the full amount so surrendered.  The provisions of this Section shall survive the termination of this Guaranty and shall remain effective notwithstanding the payment of the Payment Obligation, this Guaranty or any other Transaction Document, the release of any security interest, lien or encumbrance securing the Payment Obligation or any other action which Secured Party may have taken in reliance upon its receipt of such payment. Any cancellation, release or other such action shall be deemed to have been conditioned upon any payment of the Payment Obligation having become final and irrevocable.

**IN WITNESS WHEREOF**, Guarantor, intending to be legally bound, has duly executed and delivered this Guaranty Agreement as of the day and year first above written.

Signed, sealed and delivered
in the presence of:

**GUARANTOR:**

*[Signature: Pamela L DeMichele]*
Print Name: Pamela L. DeMichele

*[Signature: Patricia Shively]*
**PATRICIA A. SHIVELY**

*[Signature]*
Print Name: Nicholle Brockish

STATE OF FLORIDA
COUNTY OF ALACHUA

The foregoing instrument was acknowledged before me this 14th day of June 2022 by Patricia A. Shively. She is <u>personally known to me</u> or has produced _____ as identification.

*[Notary stamp: Notary Public State of Florida, Pamela L DeMichele, My Commission GG 363641, Expires 08/07/2023]*

(Print Name) Pamela L. DeMichele
Notary Public, State of Florida
My Commission expires: _____

-7-