IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JON GUVEN,

Plaintiff,

v.

PATRICIA A. SHIVELY, individually and in her capacity as guarantor of CP City Place Holdings, LLC and Celebration Pointe Holdings, LLC,

Defendant.

CIVIL ACTION FILE
NO. 1:25-CV-7152-TWT

**OPINION AND ORDER**

This is an action for breach of guaranty. It is before the Court on Defendant Patricia A. Shively's Motion to Dismiss [Doc. 6] and Plaintiff Jon Guven's Motion for Oral Argument [Doc. 12]. For the reasons set forth below, the Court GRANTS Defendant Shively's Motion to Dismiss [Doc. 6] and DENIES as moot Plaintiff Guven's Motion for Oral Argument [Doc. 12].

## I. Background

This case arises from an agreement in which Defendant Patricia A. Shively personally guaranteed a payment to Plaintiff Jon Guven. Guven alleges that Shively refused to make the required payment and thus breached the guaranty agreement.

The relevant facts surrounding the agreement are as follows. In 2019, a company called CP City Place Holdings, LLC ("CP City Place LLC") was

registered in Florida. (Compl. ¶ 8 [Doc. 1].) The "primary purpose" of CP City Place LLC was to purchase, develop, operate, and sell an apartment complex in Gainesville, Florida. (*Id.* ¶ 11.) The company was a joint venture among various parties. As relevant here, CP City Place Partners, LLC ("Partners LLC") held a 50% interest in the voting membership of the joint venture, and J & R Gator Investments, LLC ("J & R Gator") held the other 50% interest. (*Id.* ¶¶ 13–14, 17.) Partners LLC is a Florida company, comprising entities in which Defendant Shively has a membership interest. (*See id.* ¶ 16; *see also* Compl., Ex. 3, at 1 [Doc. 1-3] (depicting the membership interests of the joint venture and its member entities).) J & R Gator is a Georgia company, in which Plaintiff Guven has a membership interest. (Compl. ¶ 18.) Pursuant to CP City Place LLC's operating agreement, Partners LLC guaranteed J & R Gator's initial capital contribution, and Shively personally (and jointly and severally) guaranteed Partners LLC's payment obligation. (*Id.* ¶¶ 19–21.)

Due to certain circumstances, CP City Place LLC bought out J & R Gator's interest in 2022. (*Id.* ¶¶ 25–35, 38.) The Buyout Agreement contained a provision in which Defendant Shively personally guaranteed a payment to Guven—of either $3,000,000 by October 2022 or $6,500,000 by October 2025. (*Id.* ¶¶ 41–43; *see also* Compl., Ex. D ("Buyout Agreement") ¶ 5 (providing that the payment would be secured jointly and severally by Celebration Pointe Holdings, LLC and the joint venture as well as further secured personally by Shively and another individual, pursuant to a separate Guaranty Agreement);

Compl., Ex. A ("Guaranty Agreement") ¶ 1 [Doc. 1-1] (providing Shively's personal guarantee of Guven's payment).)

Guven filed suit because he did not receive the payment owed to him under the Buyout Agreement. He brings a single claim against Shively for the breach of the Guaranty Agreement and requests attorney's fees. The Court now considers Shively's Motion to Dismiss under Rule 12(b)(2) and Guven's Motion for Oral Argument on Shively's motion.

## II. Legal Standard

On a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), "the plaintiff has the burden of establishing a prima facie case by presenting enough evidence to withstand a motion for directed verdict." *United States ex rel. Bibby v. Mortg. Invs. Corp.*, 987 F.3d 1340, 1356 (11th Cir. 2021). In evaluating a plaintiff's case, "[t]he district court must construe the allegations in the complaint as true, to the extent they are uncontroverted by defendant's affidavits or deposition testimony." *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988). Where the defendant contests the allegations of the complaint through affidavits, "the burden shifts back to the plaintiff to produce evidence supporting personal jurisdiction, unless the defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006). "And where the evidence presented by the parties' affidavits and deposition testimony conflicts, the court must draw all

reasonable inferences in the plaintiff's favor." *Mortg. Invs.*, 987 F.3d at 1356 (quotation marks omitted).

## III. Discussion

A federal court sitting in diversity has personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute authorizes jurisdiction over the defendant and (2) the exercise of such jurisdiction satisfies the Due Process Clause of the Fourteenth Amendment. *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1312 (11th Cir. 2018) (citing *Carmouche v. Tamorlee Mgmt., Inc.*, 789 F.3d 1201, 1203 (11th Cir. 2015)). These two inquiries are independent of one another. *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1263 (11th Cir. 2010) (reversing decades of Eleventh Circuit precedent that found Georgia's long-arm statute coextensive with the due process inquiry); *see also id.* ("[C]ourts must apply the specific limitations and requirements of [Georgia's long-arm statute] literally and must engage in a statutory examination that is independent of, and distinct from, the constitutional analysis . . .").

The Court begins by assessing whether Georgia's long-arm statute applies to Defendant Shively, a Florida resident. Georgia's long-arm statute applies to nonresident defendants that "[t]ransacts any business within this state." O.C.G.A. § 9-10-91(1). The Georgia Supreme Court has outlined a three-prong test for understanding this requirement:

> [J]urisdiction exists on the basis of transacting business in this

> state if (1) the nonresident defendant has *purposefully done some act or consummated some transaction in this state*, (2) if the cause of action arises from or is connected with such act or transaction, and (3) if the exercise of jurisdiction by the courts of this state does not offend traditional fairness and substantial justice.

*Cascade Aircraft Mgmt., LLC v. Velazco*, 374 Ga. App. 397, 402 (2025) (quoting *Amerireach.com, LLC v. Walker*, 290 Ga. 261, 269 (2011)).

Guven contends that Shively has transacted business in Georgia in four ways. First, Shiveley "held significant membership and financial interests in the [joint venture] alongside J&R Gator, a Georgia entity." (Pl.'s Resp. Br. in Opp'n to Def.'s Mot. to Dismiss, at 9.) Second, Shively personally guaranteed Partners LLC's obligation to pay back J & R Gator's initial investment into CP City Place LLC. (*Id.*) Third, Shively "had significant financial and membership interest" in a Florida company that executed the buyout agreement with CP City Place LLC, J & R Gator, and Guven. (*Id.*) Fourth, Shively personally guaranteed a payment to Guven, a Georgia resident, through the Guaranty Agreement and Buyout Agreement. (*Id.*)

The Court holds that Georgia's long-arm statute does not authorize jurisdiction over Shively. As an initial matter, Georgia courts have held that a nonresident's personal guarantee in favor of a Georgia resident is not sufficient to confer personal jurisdiction under Georgia's long-arm statute. *Global Payments Direct, Inc. v. Intelligent Payments*, LLC, 2015 WL 13736621, at *3–4 (N.D. Ga. Mar. 6, 2015); *Wordpay US, Inc. v. Premier Food Concepts LLC*, 2020 WL 13586583, at *3 (N.D. Ga. May 8, 2020); *Apparel Res. Int'l, Ltd. v.*

*Amersig Se., Inc.*, 215 Ga. App. 483, 485 (1994). Neither is personal jurisdiction conferred where a nonresident participates in a joint venture with Georgia entities or persons (who take actions in Georgia). *Cath. Stewardship Consultants, Inc. v. Ruotolo Assocs., Inc.*, 270 Ga. App. 751, 755–57, 756 n.1 (2004); *see also CHIS, LLC v. Liberty Mut. Holding Co.*, 2015 WL 4249358, at *8 (M.D. Ga. July 13, 2015) ("[T]he existence of a joint venture in and of itself is not sufficient to impute jurisdictional contracts.").

While Guven agrees that personal guarantees to Georgia residents and joint ventures with Georga residents do not themselves confer personal jurisdiction, he argues that their combination—considering the totality of the Georgia contacts—is sufficient to confer personal jurisdiction. (Pl.'s Resp. Br. in Opp'n to Def.'s Mot. to Dismiss, at 6–7.) The Court disagrees. The only facts that Guven has presented are the existence of a Florida joint venture—that first included Georgia entities (by way of the CP City Place LLC's operating agreement) and then excluded them (by way of the Buyout Agreement)—and Shively's associated personal guarantees. At bottom, they can still be summarized as mere personal guarantees in favor of Georgia residents and joint ventures with Georgia residents, to which Georgia courts have not applied the long-arm statute. And the Court agrees with Shively that the Buyout Agreement—on which Guven focuses—does not meaningfully change the calculus: "If the *insertion* of a Georgia entity into a non-resident joint venture does not confer jurisdiction over non-resident investors in the entity . . . , then

the *removal* of the Georgia entity does not either." (Reply Br. in Supp. of Def.'s Mot. to Dismiss, at 3.)

Guven presents no other facts upon which the Court could find the long-arm statute applies. Indeed, all other relevant facts point toward Florida. Shively is a Florida resident who has never resided in, worked in, or maintained business in Georgia. (Shively Decl. ¶¶ 4–6 [Doc. 6-2].) She never executed any contract, including the Guaranty Agreement, in Georgia. (*Id.* ¶ 7.) The joint venture is registered as a Florida limited liability company, and its objective was to develop and sell real property in Florida. (Compl. ¶¶ 8, 11.) Although both Georgia and Florida entities had an interest in the joint venture, Shively had financial and membership interests only in the Florida entities. (*See* Compl. ¶ 16 (alleging that Shively held interests in Celebration Pointe Holdings, LLC and Celebration Pointe Holdings II, LLC); Compl. Ex. B, at 41 [Doc. 1-2] (showing that Celebration Pointe Holdings, LLC is a Florida company).) Moreover, the Guaranty Agreement contains a Florida choice-of-law clause, though the parties appear to agree that the language permits rather than mandates litigation in Florida. (Guaranty Agreement ¶ 6(k); *see also* Compl. ¶ 7 n.1 (explaining the permissive language); Reply Br. in Supp. of Def.'s Mot. to Dismiss, at 4 & n.2 (referring to the choice-of-law provision, but not arguing it mandates Florida litigation).)

These facts make the cases Guven cites distinguishable. In *Drennen v. First Home Sav. Bank*, 204 Ga. App. 714 (1992), the Georgia Court of Appeals

found sufficient Georgia contacts where the defendants executed certain personal guarantees in favor of a company doing business in Georgia but where the proceeds were directed toward real property in Georgia, the defendants traveled "periodically" to Georgia to oversee the operations, and the guarantees contained Georgia choice-of-law clauses. (*Id.* at 716–17.) In *Beaulieu Grp., LLC v. Lefkowitz*, 2009 WL 10665568 (N.D. Ga. Nov. 12, 2009), another Georgia federal court found that a nonresident's personal guarantee in favor of a Georgia company qualified as transacting business under the long-arm statute when considered in conjunction with his other Georgia contacts. *Id.* at *3. But those other contacts were relatively substantial. The nonresident was the CEO of the company involved in the transaction, which had offices in Georgia; he traveled to Georgia for the company and oversaw a subsidiary doing business in the state; and he "orchestrated" the acquisition of another company located in Georgia. *Id.* (finding that these facts "show[ed] a nexus between [the nonresident], the forum, and the transaction as a whole." (quoting *Robertson v. CRI, Inc.*, 267 Ga. App. 757, 760 (2004))).

Therefore, the facts alleged cannot satisfy Georgia's long-arm statute. Finding that the long-arm statute does not authorize personal jurisdiction, the Court need not reach the due process analysis. Defendant Shively's Motion to Dismiss is hereby granted. The Court additionally denies Guven's alternative request for jurisdictional discovery, which he presented in his response brief, (Pl.'s Resp. Br. in Opp'n to Def.'s Mot. to Dismiss, at 5 n.3.) Guven has failed

to allege a prima facie case of personal jurisdiction over Shively and has otherwise failed to point to any potential factual disputes related to jurisdiction. CHIS, 2015 WL 4249358, at *8; *Bank v. Miles*, 2023 WL 6065855, at *5 (N.D. Ga. Sept. 18, 2023).

## IV. Conclusion

For the reasons set forth above, the Court GRANTS Defendant Patricia A. Shively's Motion to Dismiss [Doc. 6] and DENIES as moot Plaintiff Jon Guven's Motion for Oral Argument [Doc. 12].

SO ORDERED, this 17th day of August, 2026.

Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge